OGDEN CITY, APPELLANT, *v.* JOHN McLAUGHLIN,
AND ANOTHER, RESPONDENTS.

MUNICIPAL CORPORATIONS. —POWER UNDER CHARTER.—Under the
charter of the city of Ogden giving it power "to restrain and
punish prostitutes" or under the act amendatory thereof giving
it power "to suppress or restrain bawdy or other disorderly
houses and punish the keepers thereof," an ordinance of said city
defining and punishing the "offense of resorting to a house of
ill-fame for lewdness" is beyond the power given in said charter
and is invalid.

APPEAL from a judgment on demurrer of the district
court of the first district. The opinion states the facts.

*Mr. N. Tanner, Jr.*, and *Mr. P. H. Emerson*, for appellant.

*Mr. L. R. Rogers* and *Mr. James N. Kimball*, for respondents.

BOREMAN, J.:

A complaint was made before a justice of the peace
against the defendants for the violation of a city ordinance
of Ogden City. The defendants demurred, and, on appeal
to the district court, the demurrer was sustained, and the
defendant discharged. Thereupon the plaintiff appealed
to this court. The complaint charged "that John Mc-
Laughlin, a male person, and Ray Gallagher, a female
person," "did commit the offense of resorting to a house
of ill-fame for lewdness, by then and there wilfully and
unlawfully resorting to and residing in, for the purpose of
lewdness, a house of ill-fame and disorderly house and
place resorted to for illicit sexual commerce, prostitution,
and lewdness. Said house being situated," etc.; "contrary
to the form of an ordinance of Ogden City, entitled 'Re-
vised Ordinances of Ogden City,' c. 10, sec. 29, relating to
crimes and punishments, passed on the twenty-seventh day
of January, A. D. 1881, as amended August 6, 1886, and

September 10, 1886, in such case made and provided, and against the peace and dignity of said city."

The first ground of the demurrer is the only one that we can consider, as but two grounds of demurrer are authorized by the statute, and the other three grounds set forth in this demurrer do not seem to belong to either of the two thus authorized by the statute. The ground which we are to consider is as follows: "(1) That the said complaint does not state facts sufficient to constitute any offense against said Ogden City, or the ordinances thereof." The latter clause is surplusage, being unauthorized by the statute. The question for our consideration, therefore, is whether the complaint does state facts sufficient to constitute a public offense. It seems that a violation of a city ordinance is, so far as the demurrer is concerned, at least, to be treated as a public offense. Laws Utah 1884, p. 154, sec. 107. It is contended that the plaintiff was by its charter not authorized to pass the ordinance under which this complaint was filed. If it was not so authorized, the conclusion is inevitable that the complaint does not state a wrong which the law recognizes as an offense, or which the city could make an offense. It is a general rule that a municipal corporation has only such powers as are expressly granted, or essential thereto, or plainly implied therein. 1 Dill. Mun. Corp., secs. 89, 91. And where there is a doubt as to the existence of the authority, such doubt is resolved against the corporation. Id. sec. 91. The charter of Ogden City, section 35, gives to it the power by ordinance "to restrain and punish * * * prostitutes." Certainly that section does not and cannot embrace the offense of "resorting to house of ill-fame for lewdness," that being the one of which the defendants are charged. The authority embraced in that section is to restrain "prostitutes." It does not embrace the restraining of lewdness, unless it be the lewdness of prostitutes. It does not authorize the restraining of prostitution, except it be by restraining in some way the prostitutes. Defendants are not alleged to be prostitutes, or to be guilty of prostitution. We are referred to section 9 of "An act amending the charters of incorporated cities," which gives power to the city "to suppress or restrain

bawdy and other disorderly houses, and punish the keepers thereof." Comp. Laws, 697. This section empowered the plaintiff to do two things, viz., "To suppress bawdy and other disorderly houses," and "to punish the keepers thereof." Keeping in view the two general rules above referred to, we know of no authority for saying that the "offense of resorting to a house of ill-fame for lewdness," could be embraced under the clause to "suppress or restrain bawdy or other disorderly houses." That section was made to enable the corporations to break up the places of resort, and did not contemplate the punishment of individuals for resorting thereto, nor even to punish the keepers of such places; otherwise the closing provision to "punish the keepers thereof" would not have been added. The defendants are not charged with being the "keepers" of any such place. The two sections quoted are the only sections of the statute bearing upon the subject, and to which our attention has been called. No matter how reprehensible the conduct of a person may be, yet no punishment can be inflicted without a law authorizing it; and such law must clearly cover the case. We do not think that the sections referred to gave the plaintiff power to punish the defendants for the offense charged against them. The order of the district court, therefore, sustaining the demurrer, was proper.

The orders and judgment of the district court are affirmed.

ZANE, C. J., and HENDERSON, J., concurred.